Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Dessi N. Day, SBN 207699
dday@greeneroberts.com
Noel J. Meza, SBN 331169
nmeza@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:   (619) 398-3400
Facsimile:   (619) 330-4907

Attorneys for Defendants Commerce Distribution
Company LLC , Smart & Final Stores LLC, and
Smart & Final LLC

Greene & Roberts LLP
402 West Broadway, Suite 1025
San Diego, CA 92101
(619) 398-3400

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| PAUL RODRIGUEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCE DISTRIBUTION COMPANY LLC, a California limited liability company; SMART & FINAL STORES LLC, a California limited liability company; SMART & FINAL LLC, a Delaware limited liability company; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No.<br><br>Action Date:   March 30, 2022<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANTS COMMERCE DISTRIBUTION COMPANY LLC, SMART & FINAL STORES LLC AND SMART & FINAL LLC UNDER 28 U.S.C. §§ 1332, 1441(a), 1446, 1453**<br><br>**ACCOMPANYING DOCUMENTS**:<br>CIVIL COVER SHEET; DECLARATIONS OF MARIA C. ROBERTS AND GINNY DIAZ; NOTICE OF PARTIES WITH FINANCIAL INTEREST |

1   **TO:**       **THE HONORABLE JUDGES OF THE UNITED STATES**
2                  **DISTRICT COURT FOR THE CENTRAL DISTRICT OF**
                   **CALIFORNIA, EASTERN DIVISION**
3   **AND TO:**   **PAUL RODRIGUEZ, on behalf of himself and all others similarly**
4                  **situated, and his attorneys of record:**

5           Defendants Commerce Distribution Company LLC, Smart & Final Stores LLC

6   and Smart & Final LLC,[1] ("Defendants") by and through the undersigned attorneys,

7   hereby remove Case No. 22STCV11092 from the Superior Court for the State of

8   California, County of Los Angeles, where it was filed and is currently pending, to the

9   United States District Court for the Central District of California pursuant to Title 28

10  of the United States Code, sections 1332, 1441, 1446, and 1453.  As addressed below,

11  original jurisdiction exists in this action pursuant to Title 28 of the United States

12  Code, section 1332, subdivision (d), the Class Action Fairness Act ("CAFA"), and

13  section 1453, and as otherwise specified herein. In support of this removal,

14  Defendants states as follows:

15  **I.      Statement of Case**

16          Commerce Distribution Company, LLC is a limited liability company

17  established under the laws of and in the State of California. (Diaz Decl., ¶3.)  It

18  operates a distribution center located in Los Angeles, California. (*Id*.) Smart & Final

19  Stores LLC, is a limited liability company established under the laws of and in the

20  State of California.  (*Id*.) Smart & Final LLC is a limited liability company established

21  under the laws of and in the State of Delaware.  (*Id.*)

22          According to Defendants' records, there are at least five individuals who were

23  employed as non-exempt employees in California for one of the named Defendants

24  since March 3, 2018, but who have in that same time period moved out of state and

25  are domiciled outside of California and Delaware and living in Nevada.  (Diaz Decl.,

26  ¶4.)

27  _____

28  [1] By filing this Notice of Removal, Defendants do not waive any of their rights to any objections or
    defenses, including jurisdictional ones, and expressly reserve the right to amend and supplement this
    Notice of Removal.

NOTICE OF REMOVAL

Regarding **Commerce Distribution Company, LLC**, during the "putative class period," as defined in the complaint, (March 3, 2018 to the present) it employed about approximately 614 nonexempt employees in California.  In addition, about:

- 282 of those nonexempt employees are former employees;
- $24.54 is the average hourly rate of pay earned by the nonexempt employees.

(Diaz Decl., ¶5.)

Regarding **Smart & Final Stores, LLC**, during the period of March 3, 2018 to the present, it employed approximately 28,560 nonexempt employees in California. In addition, about:

- 19,331 of those nonexempt employees are former employees;
- $15.72 is the average hourly rate of pay earned by the nonexempt employees.

(Diaz Decl., ¶6.)

Regarding **Smart & Final, LLC** (referred to as Smart & Final Support Center), during the period of March 3, 2018 to the present, it employed about 147 nonexempt employees in California.  In addition, about:

- 56 of those nonexempt employees are former employees;
- $30.73 is the average hourly rate of pay earned by the nonexempt employees.

(Diaz Decl., ¶7.)

On or about March 30, 2022, Plaintiff PAUL RODRIGUEZ ("Plaintiff"), filed a putative class action complaint captioned, *Paul Rodriguez v. Commerce Distribution Company LLC*, *Smart & Final Stores, LLC and Smart & Final LLC*.  This case as filed in the State of California Superior Court for the County of Los Angeles, Case No. 22STCV11092.  (Exh. 1.) In the complaint, Plaintiff alleges:

NOTICE OF REMOVAL

- Defendant COMMERCE DISTRIBUTION COMPANY LLC ("Defendant Commerce Distribution Company") is a California limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California, county of Los Angeles. (Exh. 1, ¶1.)

- Defendant SMART & FINAL STORES LLC ("Defendant Smart & Final Stores") is a California limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California, county of Los Angeles. (Exh. 1, ¶2.)

- Defendant SMART & FINAL LLC ("Defendant Smart & Final") is a Delaware limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California, county of Los Angeles. (Exh. 1, ¶3.)

Plaintiff further alleges that the three Defendants were his joint employers (Exh. 1, ¶4.)  Plaintiff has filed suit against the three Defendants on behalf of himself and a "California class, defined as all persons who are or previously were employed by Defendant Commerce Distribution Company and/or Defendant Smart & Final Stores and/or Defendant Smart & Final in California and classified as non-exempt employees (the "California Class") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "Class Period").  (Exh. 1, ¶11.) Plaintiff seeks to recover from Defendants all "losses incurred during the Class Period" that were "caused by Defendant's uniform policy and practice which failed to lawfully compensate these employees."  (Exh. 1, ¶12.)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

NOTICE OF REMOVAL

In his complaint, Plaintiff alleges violations nine causes of action for:

(1) violation of the UCL (Exh. 1, ¶¶57-71);

(2) failure to pay minimum wages in violation of Labor Code sections 1194, 1197, 1197.1 (Exh. 1, ¶¶72-85);

(3) failure to pay overtime compensation in violation of Labor Code sections 510, 1194 (Exh. 1, ¶¶86-101);

(4) failure to provide required meal periods in violation of Labor Code sections 226.7 and 512 (Exh. 1,¶¶102-105);

(5) failure to provide required rest periods in violation of Labor Code section 226.7 and 512 (Exh. 1, ¶¶106-109);

(6) failure to provide accurate itemized wage statements in violation of Labor Code section 226 (Exh. 1, ¶¶110-114);

(7) failure to pay wages when due in violation of Labor Code section 203 (Exh. 1, ¶¶115-122);

(8) failure to reimburse employees for required expenses in violation of Labor Code section 2802 (Exh. 1, ¶¶123-126); and

(9) unlawful deductions from paychecks in violation of Labor Code section 221 and 223 (Exh. 1, ¶¶127-133).

## II.    Defendants Have Satisfied the Procedural Requirements for Removal

On or about April 6, 2022, Plaintiff served Defendants with the summons and complaint. (Roberts Decl., ¶3.)  Removal is timely pursuant to 28 U.S.C. §1446(b) because 30 days or fewer have passed since Plaintiff served the complaint on Defendants. Pursuant to 28 U.S.C. §117, the United States District Court for the Central District of California, Eastern Division, is the federal judicial district and division encompassing the Superior Court of the State of California, County of Los Angeles, where this lawsuit was originally filed. Venue is, thus, proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

NOTICE OF REMOVAL

As required by 28 U.S.C. §1446(a), Defendants attach a copy of all process, pleadings, and orders served upon them as Exhibit 2. (Roberts Decl., ¶4.)

**III.   Removal Is Proper Because the Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332, 1441, 1446, and 1453**

Pursuant to Title 28 of the U.S. Code, section 1332(d)(2), this Court has original jurisdiction over any civil action with more than 100 class members where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which several ***members of a class of plaintiffs is a citizen of a state different from any defendant***. 28 U.S.C. §1332(d)(2). Congress enacted the Class Action Fairness Act ("CAFA"), to "facilitate adjudication of certain class actions in federal court." Therefore, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 S. Ct. 1345 (2013)).

**A.   Plaintiff's Complaint Constitutes a "Class Action"**

This case meets the CAFA definition of a class action: "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure."  28 U.S.C. §1332(d)(1)(B); *Id.*, §1435(a)(b). Here, Plaintiff's complaint was filed under a state judicial procedure, California Code of Civil Procedure section 382, which authorizes an action to be brought by one or more representative persons as a class action. (Exh. 1, ¶¶11-12.) Consequently, Plaintiff's complaint constitutes a class action under CAFA.

**B.   The Putative Class as Pled Far Exceeds More Than 100 Members**

In paragraph 11 of his complaint, Plaintiff defines the putative class as s all persons who are or previously were employed by Defendant Commerce Distribution Company and/or Defendant Smart & Final Stores and/or Defendant Smart & Final in California and classified as non-exempt employees (the "California Class") at any

time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "Class Period").  (Exh. 1, ¶11.) ***The total number of individuals who fall within this definition is 29,321***. (Diaz Decl., ¶¶5-7.) Thus, the size of the putative class far exceeds 100 persons, as required by 28 U.S.C. §1332(d)(5)(B).

**C.    The Parties Meet the Minimal Diversity Requirements**

CAFA requires only "minimal diversity" between the parties.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). The minimal diversity mandate is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A). For purposes of determining diversity, an individual person is deemed to be a citizen of the state in which he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff, PAUL RODRIGUEZ, is a resident working in the State of California.  (Exh. 1, ¶¶5, 10, 16.) Commerce Distribution Company, LLC is a limited liability company established under the laws of and in the State of California. (Diaz Decl., ¶3.) Smart & Final Stores LLC, is a limited liability company established under the laws of and in the State of California.  (*Id.*) Smart & Final LLC is a limited liability company established under the laws of and in the State of Delaware.  (*Id.*)

The putative class, as defined in the complaint, includes those nonexempt employees who worked in California over the past one to four years before the complaint was filed on March 30, 2022.  (Exh. 1, ¶11.)  Based on these facts, the putative class action meets the minimal diversity requirements for removal.  *Serrano v. 180 Connect, Inc.*, 478 F.3d at 1021; 28 U.S.C. § 1332(d)(2)(A). Notably, according to Defendants' records, there are at least five individuals who were employed as non-exempt employees in California for one of the named Defendants in the past 4 years and who have moved out of state in that same time period and are now domiciled outside of California and Delaware and living in Nevada.  (Diaz Decl., ¶4.)

NOTICE OF REMOVAL

**D.    The Amount in Controversy Based on the Claims as Pled by Plaintiff Exceeds the Sum or Value of $5,000,000**

Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §1332(d)(2), (d)(6).  While denying all liability, Defendants ***aver for the purposes of this Notice only*** that Plaintiff's individual and putative class claims as pled place more than $5 million in controversy (excluding interest and costs).

Under CAFA, removal is proper if the allegations of the complaint and the notice of removal demonstrate that it is "more likely than not" that the amount in controversy exceeds $5,000,000.  *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances). This standard is satisfied here[2] and Defendants Commerce Distribution Company, LLC, Smart & Final Stores, LLC and Smart & Final, LLC are permitted to include a plausible allegation, without evidentiary submissions, that the requisite amount in controversy is met. *See, Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Defendants deny Plaintiff's allegations and claims of liability and damages and denies that this matter is properly brought or should proceed as a class action.  However, for the purposes of removal, Defendants and the Court must rely on the allegations pled. *See Standard Fire Ins.*, 568 S. Ct. at 1350 ("CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, i.e., *this* complaint, not a new, modified (or amended) complaint that might eventually emerge.") (emphasis in original).

NOTICE OF REMOVAL

For purposes of the computations below, Defendants Commerce Distribution Company, LLC, Smart & Final Stores, LLC and Smart & Final, LLC Smart & Final Logistics has included all non-exempt employees who worked for it in California during the putative class period:

**1. Plaintiff Seeks Recovery for Himself and the Putative Class of approximately 29,321 individuals for Alleged Violations of California Labor Code §§1194, 1197 and 1197.1 Related to the Payment of Minimum Wages**

Although disputed, as to the <u>second cause of action</u> for alleged unpaid minimum wages, Plaintiff has alleged on behalf of himself and every one of the **29,321 individuals** who meet the putative class definition, that they were forced time to time to work off-the-clock in violation of Labor Code §§1194, 1197 and 1197.1. (Exh. 1, ¶¶27-35, 73-85.) As shown, Defendants employed a total of 29,321 nonexempt employees in California from March 3, 2018 to the present and they, combined  earned an average hourly rate of pay of $23.66/hour.  (Diaz Decl., ¶¶5-7.) Assuming, conservatively, that the 29,321 nonexempt employees are owed a total of 5 hours of unpaid time, **the potential unpaid minimum wages that could be owed for the class period would be $3,468,674 (29321 x $23.66/hour x 5 hours.)**

If the 30 minutes of unpaid time was required to be paid, as Plaintiff alleges, to at an overtime rate of pay, **the potential unpaid overtime wages that could be owed for the class period would be $5,203,011 (29,321 x $35/49 in unpaid overtime x 5 hours).**

This amount does not include interest thereon, statutory, and civil penalties, attorneys' fees, and costs of suit.

/ / /

/ / /

/ / /

/ / /

/ / /

**2. Plaintiff Seeks Recovery for Himself and the Putative Class of approximately 29,321 individuals for Alleged Violations of California Labor Code §§510, 1194 and 1198 Related to the Payment of *Overtime Compensation***

Although also disputed, in support of the third cause of action for alleged violations of California Labor Code §§1194, 1197 and 1197.1, Plaintiff asserts Defendants had policies and practices that "failed to pay" the nonexempt employees "for all overtime worked," based on a failure to accurately record overtime worked. (Exh. 1, ¶¶87, 93.) Plaintiff further asserts that all employees who were underpaid overtime due to them are entitled to recover the amount owed. (*Id.*, ¶101.)

As shown, Defendants employed a total of 29,321 nonexempt employees in California from March 3, 2018 to the present and, combined, they earned an average hourly rate of pay of $23.66/hour. (Diaz Decl., ¶¶5-7.) Assuming, conservatively, that the 29,321 nonexempt employees are each owed 1 hours of unpaid overtime at $34.49 (23.66 x1.5), **the potential unpaid overtime wages that could be owed for the class period would be $1,040,602 (29,321 x $35.49/hour x 1 hour.)**

This amount does not include interest thereon, statutory, and civil penalties, attorneys' fees, and costs of suit.

**3. Plaintiff Seeks Recovery for Himself and The Putative Class for Alleged Violations of California Labor Code §§226.7 and 512 Related to the *Provision of Meal Periods***

Although also disputed, in support of the third cause of action for alleged meal period violations under Labor Code §§226.7 and 512, Plaintiff asserts Defendants had policies and practices that "failed to provide all legal required off-duty meal breaks." (Exh. 1, ¶103.) Plaintiff asserts the nonexempt employees were often not fully relieved of duty for their meal periods, were denied second meal periods and were denied timely meal periods, all without being properly compensated for the alleged meal violations. (*Id.* at 103-104.)

As shown, Defendants employed a total of 29,321 nonexempt employees in California from March 3, 2018 to the present and, combined, they earned an average hourly rate of pay of $23.66/hour. (Diaz Decl., ¶¶5-7.) Assuming, conservatively,

9

that the 29,321 nonexempt employees are each owed 1 hour of meal period premium pay, **the potential amount due in meal break premium pay for the class period would be $693,734 (29,321 x $23.66/hour x 1 violation)**

### 4. Plaintiff Seeks Recovery for Himself and The Putative Class for Alleged Violations of California Labor Code §§226.7 and 512 Related to *Rest Breaks*

Although also disputed, in support of the fifth cause of action for alleged rest break violations under Labor Code §§226.7 and 512, Plaintiff asserts Defendants had policies and practices that denied nonexempt employees rest breaks due when working shifts of 4, 8 and 10 plus hours and failed to pay the additional hour of rest break premium pay due for denying proper rest breaks. (Exh. 1, ¶¶107-108.)

As shown, Defendants employed a total of 29,321 nonexempt employees in California from March 3, 2018 to the present and, combined, they earned an average hourly rate of pay of $23.66/hour. (Diaz Decl., ¶¶5-7.) Assuming, conservatively, that the 29,321 nonexempt employees are each owed 1 hour of rest break premium pay, **the potential amount due in rest break premium pay for the class period would be $693,734 (29,321 x $23.66/hour x 1 violation)**

### 5. Plaintiff Seeks Recovery for Himself and the Putative Class for *Failure to Timely Pay Final Wages* Under California Labor Code §203.

In support of his seventh cause of action for alleged violations of California Labor Code sections 201–203, Plaintiff alleges Defendants failed to pay all wages earned immediately at the time of separation of employment in the event it discharged an employee or, within 72 hours, if the employee provided notice with intent to quit and failed to pay waiting time penalties to those former employees, entitling them to up to thirty (30) days of continued payment of wages. (Exh. 1, ¶¶ 116-122.)

During the class period, 19670 of the 29321 nonexempt employees who were employed by Defendants in the putative class period are former employees. (Diaz Decl., ¶¶5-7.) Combined, these individuals were earning an average hourly rate of pay of $23.66. (*Id.*) According to Plaintiff, the putative class members worked on

average worked 40 hours per week, 8 hours per day.  (Exh. 1, ¶33.)  With regard to these employees, assuming just 10% of them (1967) were owed wages at the time of termination that were willfully not paid to them, **the potential waiting time penalties owed to them for the disputed violations would be $11,169,412 (1967 former employees x $23.66/average hourly rate x 8 hours/day x 30 days)**.  This also does not include Plaintiff's related claims for costs of suit or attorney's fees.

While the merits of this case are disputed, as shown herein, a conservative estimate of the amount in controversy totals **$17,066,156 - $18,800,493** (not including attorney's fees, costs, and interest). This amount is based on the first through fifth causes of action:

| | |
|---|---|
| Minimum wage violations: | $3,468,674.00 - $5,203,011 |
| Overtime wages: | $1,040,602.00 |
| Meal break violations: | $   693,734.00 |
| Rest break violations: | $   693,734.00 |
| Waiting time penalties: | $11,169,412.00 |
| Total: | **$17,066,156 - $18,800,493** |

This amount does not include any of amounts alleged as part of the first cause of action for violations of the UCL, the sixth cause of action for alleged wage statement violations, the eighth cause of action for alleged failure to reimburse business expenses incurred or the ninth cause of action for alleged unlawful payroll deductions. (*See*, Exh. 1.) The above estimate also does not include attorneys' fees, or penalties, interest sought. (Exh 1, Prayer for Relief, ¶¶32-33.) Assuming, conservatively, **attorneys' fees of 10%,** the total exposure estimated herein would increase by at least **$1,706,615 to 1,880,049.**

/ / /

/ / /

/ / /

NOTICE OF REMOVAL

1    By filing this Notice of Removal Defendants do not waive any their rights to

2 any objections or defenses, including jurisdictional, and expressly reserves the right to

3 amend and supplement this Notice of Removal.

4    WHEREFORE, Defendants pray that the above-entitled action be removed

5 from the Los Angeles County Superior Court to the United States District Court for

6 the Central District of California, Eastern Division, for all further proceedings.

7

8 Dated: May 6, 2022                    GREENE & ROBERTS LLP

9

10                                      By: */s/ Maria C. Roberts*
                                            Maria C. Roberts
11                                          Dessi N. Day
                                            Noel J. Meza
12                                          Attorneys for Defendants Commerce
                                            Distribution Company LLC, Smart &
13                                          Final Stores LLC, and
                                            Smart & Final LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL